■ In the Matter of the PEOPLE OF THE STATE OF NEW YORK, by LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent, v. CALOGERO CORPORATION et al., Appellants.— Judgment, Supreme Court, New York County, entered May 7, 1974, *inter alia*, enjoining respondents from selling gasoline at prices higher than those permitted by the "Economic Stabilization Program established by the United States Cost of Living Council" and from engaging in any discriminatory practice "in contravention of the Federal Energy Office Guidelines of February 11, 1974", unanimously modified, on the law, to the extent of deleting the first two decretal paragraphs thereof and otherwise affirmed, without costs or disbursements. The order of said court, entered November 20, 1974, *inter alia*, adjudging respondents in contempt, unanimously modified, on the law and on the facts, to the extent of allowing respondents credit, against the refunds directed, of all cash repayments previously made as well as the value of all merchandise bought and services acquired, provided such transactions are properly reflected in, and evidenced by, respondents' books and records; and otherwise affirmed, without costs or disbursements. Appellants attempted to assist their customers in obtaining gasoline and avoiding long lines during the February, 1974, fuel oil shortage by sponsoring a "club". Membership was obtained by paying dues of $10 a month. For such fee, the member was entitled to acquire up to 120 gallons of gasoline at appointed times. The $10 monthly dues were deposited in an escrow fund. Each member could withdraw $8.40 thereof for other automotive goods and services, with the remaining $1.60 retained for bookkeeping services. The court below properly found such practice to be discriminatory and illegal; and enjoinable at the instance of petitioner under subdivision 12 of section 63 of the Executive Law. However, the references in the judgment to violations of the Federal Economic Stabilization Act of 1970 should be stricken, since the Federal courts have exclusive jurisdiction of cases and

controversies arising thereunder. (See section 205 of title II of Pub. L. 91–379, Aug. 15, 1970, 84 U. S. Stat. 799, as amd.) Finally, we feel that, despite the illegality of appellant's plan, prior repayments in the form of cash and bona fide purchases of goods and services should be credited against the refunds mandated. The amount of such credit shall either be agreed upon by stipulation of the parties in the order to be entered hereon or determined by Special Term on remand for such purpose. Settle order on notice. Concur.— Stevens, J. P., Kupferman, Murphy, Lane and Nunez, JJ. [78 Misc 2d 953.]