■ In the Matter of THE STATE OF NEW YORK, by LOUIS J. LEFKOWITZ, ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Respondent, v SCOTTISH-AMERICAN ASSOCIATION, INC., et al., Appellants.—Order and judgment (one paper) of the Supreme Court, New York County, entered August 13, 1975, which granted reargument and recalled a prior decision, and granted the petition enjoining both respondents from engaging in the travel business in violation of regulations of the Civil Aeronautics Board, and enjoining the individual respondent from engaging in the travel business in New York until he makes full restitution to known and unknown consumers for unrendered affinity charter services and until he files a $100,000 performance bond with the Secretary of State, unanimously affirmed, without costs and without disbursements. In the summer of 1974, the appellants collected money from consumers for charter flights. They had made arrangements with Pan American Airways for some 29 charter flights to Scotland and England. However, the agreements called for appellants to supply a passenger list, as required by British regulations, at least 30 days prior to flight in each case. The agreements also required that passengers be members of the group of at least six months' standing (affinity), as mandated by the Civil Aeronautics Board regulation (14 CFR 207.40 [b] [2]). Many of the charter flights were canceled because the appellants did not comply in timely fashion with the requirement to supply the list. There was also the problem of the appellants accepting members of the general public who were not bona fide members of the charter group. It is the appellants' contention that the airline allowed them to proceed in breach of the requirements, and when it started to enforce the rules, they were left in a difficult financial position. That the appellants violated the applicable regulations has been found by United States District Judge Orrin J. Judd in *Civil Aeronautics Bd. v Scottish-American Assn.* (EDNY, Sept. 1, 1976). The standing of the Attorney-General to proceed in the premises is emphasized with the recent amendment of subdivision 12 of section 63 of the Executive Law (L 1975, ch 115, § 1). In the context of the fraud and illegality charge here involved, there was no Federal pre-emption or exclusion. *(People v Automobile Transp. Fund,* 17 AD2d 448, affd 13 NY2d 814, cert den 376 US 908.) The Federal Aviation Act does not preclude State action (US Code, tit 49, § 1506). The Attorney-General seeks restitution for both "known and unknown" consumers. The unknown consumers presumably are those who

paid for flights which did not take place and for which they received no compensation. A time limit should be imposed requiring such persons presently unknown to come forward and make their claim. (Cf. *People v Calogero Corp.,* 47 AD2d 741.) Settle order on notice. Concur—Kupferman, J. P., Murphy, Silverman, Capozzoli and Lane, JJ.