■ In the Matter of the STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General, Respondent-Appellant, v INTERCOUNTY MORTGAGEE CORPORATION et al., Appellants-Respondents. — (Appeal No. 13055A.) Resettled judgment, Supreme Court, New York County (Sinclair, J.), entered March 24, 1981 granting injunction and restitution and other relief, is unanimously modified, on the law and the facts, to the extent that (a) respondents-appellants-respondents Intercounty and Dale shall be subject to the obligation to make restitution with respect to each seller, real estate broker, or other third party who paid the special tax in the course of a real property transaction with Intercounty or Dale, respectively; (b) the amount of restitution with respect to respondents-appellants-respondents Intercounty, Union and Dale shall be equal to the amount of the special tax paid by any seller, real estate broker, or other third party less any tax credit obtained by such seller, real estate broker, or other third party; and (c) the first unnumbered paragraph of decretal

paragraph "IV" is stricken; and the resettled judgment is otherwise affirmed, without costs. (Appeal No. 13055B.) Order, Supreme Court, New York County (Sinclair, J.), entered July 24, 1981 is modified, on the law and the facts, to the extent of providing that the amount of restitution shall be in an amount as described in modification "(b)" to the resettled judgment entered March 24, 1981, and the order is otherwise affirmed, without costs. (Appeal No. 13055.) Appeals from judgment, Supreme Court, New York County (Sinclair, J.), entered July 29, 1980 are unanimously dismissed, without costs, as said judgment is superseded by the resettled judgment of March 24, 1981. (Appeal Nos. 13055, 13055A, 13055B.) This is a proceeding by the Attorney-General under subdivision 12 of section 63 of the Executive Law seeking to enjoin respondents-appellants-respondents (the mortgagees) from collecting from sellers the special additional mortgage recording tax imposed by amended section 253 (subd 1-a, par [a]) of the Tax Law insofar as it relates to mortgages on real property improved by a structure containing six residential dwelling units or less, and seeking restitution with respect to amounts so collected by the mortgagees from sellers. We agree with Special Term that the fair interpretation of section 253 (subd 1-a, par [a]) of the Tax Law is that the special additional mortgage recording tax with respect to such improved real property must be paid by the lender and cannot be passed on to the seller, real estate broker or other third person. Nor do we think that this statutory provision denies these mortgagees the equal protection of the laws, or is invalid under the supremacy clause of the United States Constitution. However, we disagree with the scope of the restitution directed by Special Term in two respects: (a) Special Term granted restitution as to Union but denied it as to the other two mortgagees on the ground that class actions are pending seeking such relief as against the other two mortgagees. But these class actions are still in the early stages (indeed, the class action against Intercounty was commenced after the court's original decision in this case). Further, in our view, the present proceeding is a superior and more effective device for obtaining restitution than these class actions, which are as yet in early stages. Accordingly, restitution should have been directed against all three mortgagees. (b) Subdivision (f) of section 606 and subdivision 17 of section 210 of the Tax Law grant to taxpayers credit against individual income and corporate franchise taxes for the amount of any special additional mortgage recording tax paid by the taxpayer, with a provision for a carry-forward of unused credit. If a seller or other person who has paid the special tax has received the dollar-for-dollar tax credit, it would be giving a windfall to such taxpayer if the mortgagees are required again to pay to such seller or other person an amount equal to the special tax paid. Accordingly, we reduce the amount of the restitution by the amount of such credit. Concur — Sandler, Carro, Silverman and Asch, JJ.

Kupferman, J. P., concurs in part and dissents in part as to Appeal No. 13055B in a memorandum as follows: The logic of the court's opinion would mandate that the scope of restitution should be reduced not only by the amount of any tax credit received, but further any tax *benefit* received. If the mortgagees can demonstrate that a particular taxpayer, who did not take the credit, has received a deduction for a lesser tax benefit, to that extent restitution of the special tax would constitute a windfall, and therefore restitution should be so limited.