OPINION OF THE COURT
George D. Marlow, J.
Petitioner in this summary proceeding is a “mobile home park owner” within the meaning of section 233 (subd a, par 2) of the Real Property Law and seeks to recover possession of a rental unit occupied by respondent, a “mobile home tenant” as that phrase is defined in section 233 (subd a, par 1) of the Real Property Law.
There is no dispute that the tenancy commenced on a month-to-month basis on October 1, 1980; that on or about July 10, 1981, respondent was served with a 30-day notice terminating her tenancy as of August 31, 1981; that upon her refusal to vacate petitioner caused her to be served with this notice of petition and petition on September 2, 1981, demanding judgment awarding possession and a warrant of eviction; and that petitioner does not allege any breach by the tenant of the provisions óf section 233 (subd b, pars 2-6) of the Real Property Law.
The key issue involves the effect of a mobile home park owner’s failure to comply with subdivision e of section 233 upon his right to an eviction, an issue concerning which *623 there is a dearth of legal precedent. The question presents itself by respondent’s uncontested assertion that the owner never offered her the minimum, one-year lease that subdivision e of section 233 of the Real Property Law requires. Thus, in her cross motion for summary judgment, she urges that the petition be dismissed, arguing that a mobile home park owner cannot evict a month-to-month tenant to whom the one-year lease had never been offered.
A resolution of this matter involves interplay between section 233 (subd b, par 1, and subd e) of the Real Property Law. A mobile park owner’s right to evict only exists for those reasons set forth in section 233 (subd b, pars 1-6). Of those paragraphs the only one urged herein is the first, which provides:
“§ 233. Mobile home parks; duties, responsibilities * * *
“b. A mobile home park owner or operator may not evict a mobile home tenant other than for the following reasons:
“1. The mobile home tenant continues in possession of any portion of the premises after the expiration of his term without the permission of the mobile home park owner or operator.”
Subdivision e of section 233 of the Real Property Law requires the following: “e. The mobile home park owner or operator shall offer the mobile home tenant the opportunity to sign a lease for a minimum of one year.”
If section 233 (subd b, par 1) does not provide adequate grounds for a judgment of eviction, the respondent’s cross motion for summary judgment must be granted and the petition dismissed (Real Property Law, § 233, subd c). This court holds that the petition must indeed be dismissed for the reasons set forth below.
The undisputed allegation that the owner failed to offer respondent a one-year lease, when viewed together with the additional conceded fact that this lawsuit was commenced a mere 11 months after the tenancy began, requires a dismissal. This is so because it was the obvious intention of the Legislature, by its enactment of the protections afforded by section 233 of the Real Property Law, to prevent the arbitrary expulsion of innocent mobile home tenants who live in a park for less than one year. It is the *624 assumed disparity of economic power between mobile home park owners and tenants, and the concomitant opportunity for commercial abuse against the faultless and less advantaged, that gave rise to these legal restrictions (Miller v Valley Forge Vil., 43 NY2d 626, 629).
In the case at bar, the landlord never carried out its statutory burden to give this tenant an opportunity to guarantee herself a one-year tenancy by signing a one-year lease at the inception of her tenancy. Having, deprived her of that chance, petitioner may not now fairly be allowed to commence this type of lawsuit before the expiration of the minimum, one-year statutory period. The lawsuit therefore must fail, it having been initiated prior to the conclusion of the one-year stay which petitioner had the statutory right to guarantee herself had she been properly offered the subdivision e of section 233 lease in a timely manner.
Petitioner’s contention that respondent waived the requirement of a lease offering, by her failure to request one, finds no sympathy in the statute’s letter or spirit. The affirmative burden is clearly upon the park owner to provide a lease to the tenant (Hankin v Armstrong, 109 Misc 2d 709, 711, mod 113 Misc 2d 24).
In view of the foregoing, this court holds that the petition is dismissed. Therefore, none of the other affirmative defenses of respondent need be considered.
In addition to demanding a dismissal of the petition, respondent has also interposed two counterclaims whose dismissal and severance are urged as part of petitioner’s summary judgment motion.
Respondent’s first counterclaim demands the sum of $10,000 for alleged tortious conduct by petitioner. The motion of petitioner to limit that counterclaim to $3,000 is granted pursuant to section 208 of the Uniform Justice Court Act.
Finally, petitioner urges pursuant to CPLR 3211 that the second counterclaim be dismissed for its failure to state a cause of action. Since there has been no showing of the kind of breach of duty by the owner referred to in subdivision g of section 233 of the Real Property Law, the motion of petitioner to dismiss the second counterclaim is granted.
*625 In view of the foregoing, the parties are directed to appear in this court on June 24, 1982, at 4:30 p.m. for a pretrial conference regarding the first counterclaim as herein limited. In all other respects the petition and second counterclaim are dismissed.