OPINION OF THE COURT
David B. Saxe, J.
When what is euphemistically termed an “executive marketing and career management” service advertises, among other things, that they can assist people in finding jobs in “the hidden job market” that are often so well hidden that they themselves cannot even find them, then it is proper for the Attorney-General acting under his mandate to halt persistent fraudulent or illegal business activities, to enjoin these practices.
The essential facts are these: The Attorney-General has brought a special proceeding pursuant to subdivision 12 of *490 section 63 of the Executive Law for restitution and injunctive relief against the respondents, Management Transition Resources, Inc. (MTR) and several principals of the company. It is the Attorney-General’s contention that they are engaged in the unlawful operation of an employment agency and also, deceptive and fraudulent business practices.
The respondents advertise that they can help people “seeking a better job” to find jobs in the “hidden job market.” Prospective clients pay an advance fee of several thousand dollars and are told that “job orders flow” into MTR from “companies all over the world”; that MTR contacts executives for the purpose of arranging interviews and are furnished a brochure stating that MTR “acquires a considerable amount of information * * * [concerning] internal dissension [and] pending executive changes”. Prospective clients are also told that MTR’s consultants “have successfully marketed hundreds of mature top-level executives and professionals into quality positions” and that MTR has a “very high percentage of success.”
These statements and others made by the respondents are simply untrue. In fact, it is clear (a) that MTR’s access to the “hidden job market” is no more than the public information found in “various directories” and that MTR “very rarely” knows of an actual job opening; (b) that MTR does not iself contact employers on the client’s behalf; (c) that MTR’s services essentially consist of preparing a resume and cover letter and furnishing a list of companies for the client to contact; (d) that since MTR has come into existence, they have received only one job order; and (e) that MTR’s knowledge of companies comes only from information gleaned from clients during counseling and that only one client had actually undergone counseling.
The claims made by the respondents are deceptive and hence unlawful (Matter of State of New York v Colorado State Christian Coll, of Church of Inner Power, 76 Misc 2d 50, 56; Matter of Lefkowitz v Bull Inv. Group, 46 AD2d 25). Similar representations regarding a firm’s connections with employers and placement ability have been enjoined as deceptive (Federal Trade Comm. v Civil Serv. Training Bur., 79 F2d 113,115; De Forest’s Training v Federal Trade
*491 Comm., 134 F2d 819). It is not necessary for the Attorney-General to await consumer complaints before proceeding to enjoin this chicanery. The test utilized to determine whether a representation is false is its capacity to deceive. (People v Volkswagen of Amer., 47 AD2d 868.) In view of the clear falsity of the claims made by the respondents, the test established for deceptive advertising is obviously met.
Since the respondents have conducted business in violation of section 349 of the General Business Law and subdivision 12 of section 63 of the Executive Law, they must be stopped from committing further deceptive and fraudulent practices. (Matter of People v Compact Assoc., 22 AD2d 129, affd 17 NY2d 758.)
Aside from the fraudulent and deceptive representations of the respondents, it is clear that they are operating an employment agency, without a license, in violation of the laws of New York (General Business Law, § 172).
Section 171 (subd 2, par c) of the General Business Law as amended by chapter 888 of the Laws of 1981 (eff July 31, 1981) states:
“c. ‘Employment agency’ shall include any person who, for a fee, renders vocational guidance or counselling services and who directly or indirectly:
“(1) procures or attempts to procure or represents that he can procure employment or engagements for persons seeking employment or engagements; or
“(2) represents that he has access, or has the capacity to gain access, to jobs not otherwise available to those not purchasing his services.” (Emphasis added.)
The respondents charge a fee, render vocational guidance and counseling service and persistently represent in their oral statements as well as their written materials that they have access or the capacity to gain access to jobs not otherwise available to those purchasing their services.
In telephone conversations recorded by representatives of the Attorney-General’s office with respondent Solow, Solow told the undercover job applicants that: (1) MTR “sets up the contacts, the interviews * * * all of this is done for you. We don’t instruct you how to do, we do it.”; (b) MTR “develops the names of the companies and the indi *492 vidual executive within each company that we have to contact to set up interviews for you.”
It is immaterial that the respondents never actually fulfill these promises. It is the making of the promise itself that defines the nature of the firm’s business (Memorandum of the Attorney-General to the Governor Re: L 1981, ch 888, amdg General Business Law, § 171, subd 2, par c; see, also, Guggenheimer v Impact Marketing, NYLJ, Nov. 22, 1976, p 11, col 1).
Since I find that the respondents are operating an employment agency, they may not charge an advance fee. (General Business Law, § 185.) Nor may they retain any compensation for services rendered as an employment agency. (Pine v Laine, 36 AD2d 924, affd 31 NY2d 988.) Therefore, I order that the respondents make restitution of all fees paid to them by consumers. Furthermore, both subdivision 12 of section 63 of the Executive Law and subdivision (b) of section 349 of the General Business Law, expressly authorize the granting of restitution to consumers injured by a respondent’s fraud. (See, also, Matter of State of New York v Scottish-American Assn., 52 AD2d 528, app dsmd 39 NY2d 1033.)
The respondents finally contend that they are entitled to a trial on the issues raised. They are mistaken. The standards governing a special proceeding are those applied by a court on a motion for summary judgment. (Matter of State of New York v Daro Chartours, 72 AD2d 872.) As such, since there are no triable issues of fact raised by them, there is no need for a trial. (State of New York v Princess Prestige Co., 42 NY2d 104.)
Back in 1932, Judge Augustus N. Hand wrote: “[I]t is obvious * * * that employees * * * have a bargaining power in general far weaker than that of employers. They are often * * * in a desperately poor condition, ready to pay almost anything possible in the hope of securing employment. Under such circumstances, it is easy to delude them by false hopes and to get their money where there is little or no chance of doing them any service. To require success in securing employment for an applicant, not only prevents much fraud and oppression, but benefits a class *493 both needy and very numerous.” (National Employment Exch. v Geraghty, 60 F2d 918, 921.)
Little has changed the wisdom of Judge Hand’s words. The fraudulent and deceptive activities of the respondent, amply demonstrated by the Attorney-General, indicate that vigilance is constantly required in order to protect the consumer victims of dishonesty of the type demonstrated here.
The relief requested by the Attorney-General is granted in all respects.