In the Matter of the STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General, Appellant-Respondent, v MABEL G. MAGLEY, Individually and Doing Business as ELMS COACH PARK, et al., Respondents-Appellants.

Third Department, December 27, 1984

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Robert Vawter, Peter Bien-stock, Rachel Kretser* and *Stephen Gardner* of counsel), for appellant-respondent.

*L. Michael Mackey* for respondents-appellants.

## OPINION OF THE COURT

KANE, J. P.

Respondent Mabel G. Magley is the owner of a mobile home park known as Elms Coach Park, located on Western Avenue in the Town of Guilderland, Albany County. Her grandson, respondent Timothy J. Murray, is the manager of the park and resides there. Lots are rented on a month-to-month basis.

For approximately the last five years, the park has been subject to a purchase option held by Dabil, Ltd. In early May of 1984, Dabil exercised its option to purchase, and as a result thereof, respondents, on May 25, 1984, served notice upon the park's tenants that their tenancies were being terminated as of June 30, 1984.

Numerous tenants then filed complaints with the Attorney-General's Bureau of Consumer Frauds and Protection, and thereafter on June 28, 1984, the State of New York, by the Attorney-General, commenced a special proceeding pursuant to subdivision 12 of section 63 of the Executive Law by serving upon respondents a petition and an order to show cause with a temporary restraining order seeking, *inter alia,* an order enjoining respondents from evicting their tenants.

The petition contained two causes of action. The first alleged illegal acts by virtue of subdivision e of section 233 of the Real Property Law in that respondents failed to offer tenants one-year leases, and the second alleged misrepresentations by respondents to tenants as to their ability to remain in the park in the future, in violation of subdivision 12 of section 63 of the Executive Law. Petitioner requested, *inter alia,* that: (1) respondents be enjoined from evicting tenants not offered a one-year lease and from engaging in illegal, fraudulent or misleading activities, (2) the notices of termination of tenancy be annulled, and (3) tenants be granted restitution and damages suffered as a result of the illegal, fraudulent or deceptive acts of respondents.

Special Term denied the petition insofar as it requested that respondents be enjoined from evicting the tenants and transferred the second cause of action to Trial Term for a determination of whether fraud was committed and, if so, the amount of restitution and damages. Petitioner appeals from that part of the order which denied the request to enjoin the evictions, and respondents cross-appealed from that portion transferring the second cause of action to Trial Term.

■ At the outset, we agree with Special Term's disposition of the second cause of action of the petition. As that court noted, the alleged fraudulent misrepresentations clearly fell within the provisions of subdivision 12 of section 63 of the Executive Law, and since issues of fact were raised by the pleadings, an evidentiary hearing is necessary (see *State of New York v General Motors Corp.*, 48 NY2d 836, 838).

We now turn to a review of petitioner's appeal, which seeks review of Special Term's denial of petitioner's request for an order enjoining respondents from evicting their tenants.

■ Petitioner filed its petition pursuant to subdivision 12 of section 63 of the Executive Law, which provides in pertinent part: "Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, the attorney general may apply * * * for an order enjoining the continuance of such business activity or of any fraudulent or illegal acts, directing restitution and damages * * * and the court may award the relief applied for or so much thereof as it may deem proper. The word 'fraud' or 'fraudulent' as used herein shall include any device, scheme or artifice to defraud and any deception, misrepresentation, concealment, suppression, false pretense, false promise or unconscionable contractual provisions. The term 'persistent fraud' or 'illegality' as used herein shall include continuance or carrying on of any fraudulent or illegal act or conduct. The term 'repeated' as used herein shall include repetition of any separate and distinct fraudulent or illegal act, or conduct which affects more than one person." The statute limits what may be enjoined to the business activity or the fraudulent or illegal acts. The acts petitioner seeks to enjoin here are eviction proceedings, which in and of themselves are neither fraudulent nor illegal. Subdivision 12 of section 63 was intended to prevent the perpetration of ongoing fraud or illegality, but where the act sought to be enjoined is not a violation of law, subdivision 12 of section 63 does not confer the required authority for an inquiry as to such act.

Moreover, assuming, *arguendo,* that petitioner has standing, we are unable to conclude that Special Term abused its discretion in denying petitioner's request for an injunction. In this regard, petitioner requested an order enjoining respondents from commencing proceedings to evict tenants not offered a one-year lease. Special Term declined to grant this relief upon the ground that the issue presented therein "should be tried and decided within the framework of a RPAPL article 7 proceeding". As is clear from its decision, Special Term concluded that under the circumstances of this particular case, injunctive relief was not appropriate since the legal and/or factual issues differed as to the various tenants and, therefore, could better be resolved in separate proceedings to which the tenants would be parties. Such a conclusion has a sound basis in the record and should not be disturbed (see *Matter of Gerges v Koch,* 62 NY2d 84, 94-95).

Further, since the tenants may interpose the undisputed fact that they were not offered one-year leases as defenses in any eviction proceedings (see *Lanz v Lifrieri,* 104 AD2d 400, 401; *A.K.A.B.&E. Mobile Home Rentals v Marshall,* 114 Misc 2d 622), and since Special Term did not dismiss claims for restitution and damages within the context of the instant proceeding, the tenants are not irreparably harmed. Specifically, in the context of this proceeding, the State has failed to set forth any injury which would result if the injunction were not granted. On the other hand, respondent Magley and the prospective purchaser could be injured by the issuance of an injunction. Magley is contractually obligated to convey the property constituting Elms Coach Park to an unrelated third party. As asserted by respondents, the granting of an injunction could have prevented the sale. The potential prejudice to Magley and the prospective purchaser is compounded by the fact that, pursuant to section 233 (subd d, par 1) of the Real Property Law, mobile home tenants must be given 90 days to move after a judgment of eviction. Consequently, we are unable to conclude that Special Term abused its discretion by denying petitioner's application for an injunction.

Finally, contrary to the dissenter's position, we find no need for a hearing upon petitioner's application for an injunction. The sole basis for an injunction is that respondents never have offered their tenants a one-year lease. This fact is not disputed. Accordingly, there are no facts to be resolved on the application for an injunction, and Special Term did not abuse its discretion by declining to grant an injunction without holding a hearing. The assertions of fraud and misrepresentation refer to past acts and do not contain any reference to continuing acts;

thus, petitioner's and the tenants' remedy in this proceeding was properly limited to damages and restitution (see 28 NY Jur, Injunctions, § 3).

LEVINE, J. (dissenting in part and concurring in part). I respectfully dissent from so much of the majority's decision as upholds dismissal of that portion of the petition seeking injunctive relief. In my view, the majority much too narrowly restricts the remedies which should be available to the Attorney-General in a proceeding brought under subdivision 12 of section 63 of the Executive Law to protect the public from business and commercial victimization.

Indisputably, respondents failed to offer tenants initial one-year written leases. A violation of a protective statute such as subdivision e of section 233 of the Real Property Law is alone sufficient to establish the illegality element of an action by the Attorney-General under subdivision 12 of section 63 of the Executive Law (see *Matter of State of New York v Scottish-American Assn.*, 52 AD2d 528, app dsmd 39 NY2d 1033; *Matter of Lefkowitz v E.F.G. Baby Prods. Co.*, 40 AD2d 364, 366; *State of New York v Management Transition Resources*, 115 Misc 2d 489). Moreover, the Attorney-General has standing even where, as here, it may be that the "repeated" illegal acts of a respondent affected less than a handful of victims (Executive Law, § 63, subd 12, as amd by L 1981, ch 476, § 1; *State of New York v Wolowitz*, 96 AD2d 47, 59-60). Thus, the petition as a whole is legally sufficient.

The majority nevertheless holds that the Attorney-General lacks standing to enjoin eviction proceedings because the act of bringing such a proceeding is not a violation of any law. However, the petition herein must be read as a whole (*State of New York v Wolowitz, supra,* p 62). It is clearly alleged therein that the threatened eviction of tenants is but part and parcel of a series of acts perpetrated to induce tenants to move into the park and still permit respondents to speedily remove them in order to take advantage of the exercise of the option to purchase. The purpose of subdivision e of section 233 of the Real Property Law obviously was to prevent such precipitous eviction of mobile home park tenants at least within the first year of occupancy (*A.K.A.B.&E. Mobile Home Rentals v Marshall*, 114 Misc 2d 622, 623). A court of equity has traditionally had the power to enjoin the commencement or prosecution of vexatious or oppressive litigation in violation of clear statutory commands (28 NY Jur, Injunctions, § 124, p 462). It would be highly anomalous if, as the majority suggests, the Attorney-General were limited

here to injunctive relief restraining respondents from prospective violations of the statute as to future lease transactions but not to any relief preventing them, through eviction proceedings, from achieving the very goal they intended by their past violations. As a general proposition, the Attorney-General's request for remedial relief with regard to past illegality is addressed to the sound discretion of the court (*State of New York v Princess Prestige Co.,* 42 NY2d 104, 106). That discretion should not have been exercised here to deny the remedial relief sought on the basis of the pleadings alone.

Nor is the majority's decision justified because the same issues concerning respondents' illegal acts are likely to arise and can be resolved as a tenant's defense to an eviction proceeding. Subdivision 12 of section 63 of the Executive Law was specifically designed, *inter alia,* to provide the Attorney-General with standing to seek redress and assert *additional* remedies for acts which constituted preexisting statutory or common-law violations assertable in private actions by way of claim or defense (*State of New York v Cortelle Corp.,* 38 NY2d 83, 86). Obviously, the improper business practices targeted under subdivision 12 of section 63 will frequently overlap defenses available to the victims of such practices when and if illegally or fraudulently acquired rights are sought to be enforced in the courts. Illustrative is the use of unconscionable provisions in various contracts condemned under subdivision 12 of section 63 of the Executive Law (see *Matter of State of New York v Avco Fin. Serv.,* 50 NY2d 383; *State of New York v Wolowitz, supra*) and made a consumer's defense under section 2-302 of the Uniform Commercial Code. Yet nowhere in the cited cases nor in the Executive Law is it suggested that the possibility of duplicative proceedings or even a conflict in determinations requires that the court in a State consumer protection proceeding defer to a court in which a private suit may be brought.

Finally, I deem it inappropriate for the majority to strike the Attorney-General's demand for injunctive relief at the pleading stage on the basis of unproven assumptions concerning the lack of any tenant's injury if an injunction is denied and the certainty of injury to respondents if an injunction were granted. Whether such traditional equitable considerations are applicable in a proceeding under subdivision 12 of section 63 of the Executive Law is highly doubtful, and the majority cites no authority in support thereof. In any event, however, a balancing of the equities should not have been attempted here without a hearing in which the equities in favor of the tenants, such as financial

hardship or other inability to defend themselves in eviction proceedings, could have been fully explored.

For these reasons, I vote to reverse so much of Special Term's decision as dismissed the Attorney-General's request for injunctive relief.

CASEY, WEISS and YESAWICH, JR., JJ., concur with KANE, J. P.; LEVINE, J., dissents in part and concurs in part in an opinion.

Order affirmed, without costs.