OPINION OF THE COURT
John R. Tenney, J.
This is a special proceeding commenced by the Attorney-General of the State of New York pursuant to CPLR article 4 and based on Executive Law § 63 (12) and General Business Law §§349, 350. Respondents are involved in a business known as the "Good News Business Sampler”, which operated in Oswego County in January and February 1985.
The petition alleges that respondents solicited local businesses to contribute goods or services (represented by gift checks) to a coupon booklet which would be circulated in the area. The affidavits state that although the merchants were *791 told only 100 to 400 coupons would be distributed, nearly 1,000 were issued before circulation was stopped by an order of the Supreme Court.
The petition alleges the solicitation was false and misleading because the goods and services were described as "free” but actually contained significant conditions, restrictions and limitations. In addition, the booklet had a purchase price of $24.95.
Argument on the petition was originally scheduled for February 25, 1985. After various adjournments and other delays the Attorney-General entered into settlement discussions with respondents Stevens and Hughes. Service was not effected on respondent Neal. A tentative settlement has been reached with Hughes, but not with Stevens. Stevens has moved for an order permitting depositions of several individuals who have submitted affidavits in support of the petition. Petitioner has cross-moved for severance of the petition against Stevens and for summary judgment.
The motion to take depositions is denied. The nature and purpose of summary proceedings is to expedite resolution of the issues. Disclosure is permitted upon a showing of ample need, but none is shown. (Atkinson v Trehan, 70 Misc 2d 612; Siegel, NY Prac § 555.)
The cross motion for severance is granted (CPLR 407), and since there are no factual issues raised to defeat the motion for summary judgment, it is granted.
The relief requested is based on violations of General Business Law §§349 and 350 (second and third causes of action), dealing with deceptive practices and false advertising which may be enforced by the Attorney-General in "an action”. (General Business Law § 349 [b].) The summary proceeding authorized by Executive Law § 63 (12) is only available to obtain preliminary relief in the course of such action (General Business Law § 349 [b].)
The Executive Law allows the Attorney-General to proceed by summary proceeding in the case of "repeated fraudulent or illegal acts” (Executive Law §63 [12]). Violations of State laws, as well as violations of Federal laws or regulations, can constitute fraud or illegality within the meaning of Executive Law § 63. (State of New York v Princess Prestige Co., 42 NY2d 104; Matter of State of New York v Intercounty Mortgagee Corp., 87 AD2d 748; Matter of State of New York v Citibank, 537 F Supp 1192 [SDNY 1982].)
*792 The papers establish clear violations of the General Business Law and Rules of the Federal Trade Commission part 251 (16 CFR). 16 CFR 251.1 (c) states: "Disclosure of conditions. When making 'Free’ or similar offers all the terms, conditions and obligations upon which receipt and retention of the 'Free’ item are contingent should be set forth clearly and conspicuously at the outset of the offer so as to leave no reasonable probability that the terms of the offer might be misunderstood. Stated differently, all of the terms, conditions and obligations should appear in close conjunction with the offer of 'Free’ merchandise or service.” (Emphasis supplied.)
Similarly, General Business Law § 350-a states: "in determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations”.
A review of the newspaper advertisement, and particularly the telephone solicitation "script” indicates that respondent violated these provisions. (State of New York v Princess Prestige Co., supra; People v Volkswagen of Am., 47 AD2d 868; State of New York v Ginzburg, 104 Misc 2d 292.)
Summary judgment granting injunctive relief and restitution is proper under the circumstances. (Executive Law §63 [12]; State of New York v Ginzburg, supra; State of New York v Management Transition Resources, 115 Misc 2d 489.) The other relief requested in the petition is denied.