■ SARBRO: VII, Doing Business as PARCEL 5A ASSOCIATES, Appellant, v CITY OF BINGHAMTON, Respondent. [704 NYS2d 358] —Peters, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered August 3, 1999 in Broome County, which, *inter alia*, granted defendant's motion to dismiss the compliant for, *inter alia*, failure to state a cause of action.

Plaintiff and defendant entered into a lease agreement in April 1985 regarding a hotel and conference center (hereinafter the hotel) which was to be constructed on defendant's land in

Broome County. The term of the lease was for 10 years, commencing upon completion of construction or no later than 24 months after commencement of construction. Financing was to be derived principally from Federal funds, including a loan from the Department of Housing and Urban Development (hereinafter HUD) in the amount of $7.3 million (hereinafter referred to as the section 108 loan). Such loan was to be made to defendant which would, in turn, loan the funds to plaintiff secured by a leasehold mortgage on the hotel. Pursuant to the lease agreement, plaintiff's rent would consist of various components, one of which would include section 108 rent which was to represent the amount payable on the section 108 loan. By the terms of such loan, both defendant's repayment schedule and plaintiff's payment schedule of section 108 rent would require a principal payment of approximately $6.75 million by September 1995.

When plaintiff began to encounter financial difficulties in 1991, both sides recognized that a restructuring of the section 108 loan, allowing it to be amortized over a longer period of time, would be beneficial. In February 1994, a resolution of defendant's City Council was passed authorizing defendant's Mayor to apply to HUD for such restructuring and to enter negotiations with plaintiff for an amended lease. The parties then executed a document (hereinafter the Agreement) which set forth an outline of all of the terms and conditions sought in connection with the modification of section 108 rent which would be made possible by HUD's anticipated approval of the proposed loan restructuring under the specific terms applied for by defendant. The Agreement further provided that if HUD's approval of the proposed restructuring as therein specified could not be obtained, defendant was authorized to cancel the commitment without further obligation.

Defendant submitted an application to HUD seeking approval for the restructuring of the loan on the terms and conditions outlined in the Agreement which was annexed to the application. In August 1994, defendant was notified that its application was granted. Defendant thereafter executed the requisite promissory notes and other loan documents only later realizing that the terms of the restructured loan were different from, and less favorable than, those that were set forth in the Agreement.* After further negotiations with HUD, defendant was able to ultimately obtain more favorable repayment terms

---

* The issued notes were based upon a 10-year repayment of principal rather than the 20-year amortization schedule that the parties had sought and specified in the Agreement.

although they were still not as favorable as those in the Agreement. Defendant continued its negotiations with plaintiff for a restructuring of the payment terms of the section 108 rent under the 1985 lease, yet no amended lease was ever executed.

This action by plaintiff sought the enforcement of the Agreement. Defendant contended that it was never effective since the contingency that HUD approve the debt restructuring according to the terms set forth in the Agreement was never satisfied. Supreme Court ultimately ruled in plaintiff's favor, holding that the Agreement was not only enforceable but also that defendant had waived its right to cancel it. Upon appeal to this Court we reversed, finding the record insufficiently developed to establish such a waiver (*see*, 236 AD2d 687).

Discovery ensued and by the time it was completed, the original 10-year lease term had expired. Both sides again moved for summary judgment seeking a declaration of whether the Agreement to modify the original lease was valid and binding. Supreme Court ruled that plaintiff was entitled to a declaration that defendant was required to modify the 1985 lease agreement "by inserting therein the 'section 108' rent payment schedule as agreed by the parties on February 10, 1994". However, it noted that the Agreement was not a new lease, but rather a commitment to change the original lease by specifying a new schedule of rental payments. As this new schedule was clearly going to be the subject of negotiations when plaintiff's lease expired in 1995, there remained no valid lease to modify. The appeal of that determination was dismissed for failure to perfect.

Upon defendant's service of a "Notice Terminating Holdover Tenancy", effective August 1, 1999, the instant action was commenced seeking, *inter alia*, an order directing defendant to execute a proposed amendment to the lease including an extended leasehold term of 20 years. A permanent injunction was also sought preventing the termination of plaintiff's tenancy and, *inter alia*, demanding damages for defendant's alleged interference with plaintiff's right to quiet enjoyment. Finally, plaintiff alleged causes of action sounding in prima facie tort and tortious breach of contract. Defendant moved to dismiss the complaint, prompting plaintiff's cross motion to amend the complaint. Supreme Court granted that portion of defendant's motion to dismiss the complaint that was upon the expiration of the 1985 lease which left plaintiff bereft of any rights to litigate. Plaintiff appeals.

Upon our review, we find that the 1985 lease provided for a 10-year term which commenced April 30, 1987—24 months

from commencement of construction—and expired on or about April 30, 1997. Neither the terms of that lease, as later modified and amended, nor the terms of the Agreement contain any provision for extending the 10-year lease term despite the fact that considerable detail is provided regarding the terms of a proposed amended lease. Regardless of the intention of the parties to extend the original lease until such time as the section 108 rent obligation, as modified, would be paid in full, the Statute of Frauds (see, General Obligations Law § 5-703) precludes our enforcement of the Agreement since it fails to detail all necessary elements of a proposed amended lease. Under these circumstances, Supreme Court properly declined to order defendant to sign an amended lease that would, of necessity, contain terms to which it never consented.

As to the dismissal of plaintiff's second cause of action seeking to prohibit defendant from commencing an eviction proceeding, we can find no error since defendant has a legal right to pursue such course. Notably, plaintiff will have a concomitant right, in the event that such a proceeding is commenced, to seek an injunction from the court in which the proceeding has been filed (see, Matter of State of New York v Magley, 105 AD2d 208, 211).

The dismissal of the third cause of action, seeking damages for defendant's alleged breach of the covenant of quiet enjoyment, was also proper given the expiration of the lease and plaintiff's status as a holdover tenant (see, Salesian Socy. v Village of Ellenville, 121 AD2d 823; Rajchandra Corp. v Tom Sawyer Motor Inns, 106 AD2d 798).

Finally, given plaintiff's failure to comply with the requirements of General Municipal Law §§ 50-e and 50-i, we can find no error in the dismissal of the causes of action seeking damages for prima facie tort or tortious breach of contract (see, Matter of Howard v Albany County Dept. of Social Servs., 241 AD2d 910) based upon our reading of the complaint. For these reasons, we affirm.

Mercure, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.