■ In the Matter of PEOPLE OF STATE OF NEW YORK, Respondent, v ASHIL HYDE PARK, LLC, et al., Appellants, et al., Respondents. [751 NYS2d 229] —In a special proceeding pursuant to Executive Law § 63 (12), inter alia, to direct the calling of a special meeting of the unit owners of the Hyde Park Condominium to elect new managers, (1) Shir Veisser appeals and Joseph Stoeckeler, Jr., Marge Stickles Legrand, Brian O'Rourke, and Theresa Sheeley separately appeal, from an order of the Supreme Court, Dutchess County (Pagones, J.), dated August 8, 2000, which, among other things, granted those branches of the petition which were to direct that a special meeting be called to elect a new and independent condominium board of managers of Hyde Park Condominium, and that all books, records, and financial accounts of Hyde Park Condominium be turned over to the petitioner, (2) Ashil Hyde Park, LLC, Ashil USA Holdings Corporation, Yair Schlam, Allan Lichten-

berg, and Lihu Veisser appeal, Shir Veisser separately appeals, and Joseph P. Stoeckeler, Jr., Marge Stickles Legrand, Brian O'Rourke, and Theresa Sheeley separately appeal, from a judgment of the same court, dated September 21, 2000, which granted the petition, and (3) Joseph P. Stoeckeler, Jr., Marge Stickles Legrand, Brian O'Rourke, and Theresa Sheeley appeal, as limited by their brief, from so much of an order of the same court, dated December 14, 2000, as denied those branches of their motion which were for leave to reargue and renew the petition, and to assert cross claims against Ashil Hyde Park, LLC, Ashil USA Holdings Corporation, Yair Schlam, Shir Veisser, Allan Lichtenberg, and Lihu Veisser, and granted the petitioner's cross motion for supplemental relief; Ashil Hyde Park, LLC, Ashil USA Holdings Corporation, Yair Schlam, Shir Veisser, Allan Lichtenberg, and Lihu Veisser appeal, as limited by their brief, from so much of the same order as denied their motion for leave to reargue, and granted the petitioner's cross motion for supplemental relief; and Shir Veisser additionally separately appeals, as limited by his brief, from so much of the same order as denied his motion for leave to reargue the petition, and denied his cross motion for leave to assert a cross claim for contribution against Joseph P. Stoeckeler, Jr., Marge Stickles Legrand, Brian O'Rourke, and Theresa Sheeley.

Ordered that the appeals from the order dated August 8, 2000, are dismissed, without costs or disbursements, as that order was superseded by the judgment dated September 21, 2000; and it is further,

Ordered that the appeals from so much of the order dated December 14, 2000, as denied leave to reargue are dismissed, without costs or disbursements, as no appeal lies from the denial of a motion for leave to reargue; and it is further,

Ordered that the judgment dated September 21, 2000, is modified, on the law, by deleting the provisions thereof enjoining Ashil Hyde Park, LLC, Ashil USA Holdings Corporation, Yair Schlam, Shir Veisser, Allan Lichtenberg, Joseph P. Stoeckeler, Jr., Marge Stickles Legrand, Brian O'Rourke, and Theresa Sheeley from voting at unit owners' meetings, and enjoining Yair Schlam, Shir Veisser, Allan Lichtenberg, Joseph P. Stoeckeler, Jr., Marge Stickles Legrand, Brian O'Rourke, and Theresa Sheeley from participating as members of the Board of Managers of Hyde Park Condominium, and substituting therefor a provision enjoining those respondents from continuing the fraudulent and illegal acts that they were found by the court to have committed; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated December 14, 2000, is affirmed insofar as appealed from and reviewed, without costs or disbursements.

The petitioner met its initial burden of demonstrating its entitlement to the relief sought and no issues of fact were raised in opposition. Accordingly, the Supreme Court properly summarily granted the relief sought in the petition (*see Matter of Fisch v Aiken,* 252 AD2d 556; *Matter of Friends World Coll. v Nicklin,* 249 AD2d 393, 394). However, the Supreme Court should not have enjoined the individual appellants, Joseph P. Stoeckeler, Jr., Marge Stickles Legrand, Brian O'Rourke, Theresa Sheely, Yair Schlam, Shir Veisser, Allan Lichtenberg, or Lihu Veisser from participating on the Board of Managers of Hyde Park Condominium (hereinafter the Board), nor should it have enjoined them from voting at unit owners' meetings. Rather, the Supreme Court should have enjoined the fraudulent and illegal acts that it found were being committed (*see* Executive Law § 63 [12]). The acts of participating on the Board and voting at unit owners' meetings are, in and of themselves, neither illegal nor fraudulent (*see Matter of State v Magley,* 105 AD2d 208, 210). Accordingly, the Supreme Court may not enjoin the individual appellants, if qualified pursuant to the condominium's adopted bylaws, from participating as members of the Board or from voting at unit owners' meetings.

The appellants' remaining contentions are without merit. S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.