Jones, J.
 

 The disposition of the cross appeals in this case turns on the right of the Attorney-General, under subdivision 12 of section 63 of the Executive Law, to injunctive relief to prevent future violations of the Home Solicitation Sales Act (Personal Property Law, art 10-A) and to retrospective relief with regard to past violations.
 

 The Attorney-General instituted the present proceedings with allegations that the corporate respondent (whose management and policies were controlled by the individual respondent) was engaged in the business of selling housewares and electronic equipment through personal solicitation at the homes of prospective buyers on a deferred-payment basis within the ambit of the Home Solicitation Sales Act. The core charge was that respondents had committed repeated illegal acts in that they had not afforded their customers the cooling-off period and the right of cancellation required by the statute (Personal Property Law, § 428). There followed respondents’ answer and the reply of the Attorney-General. Based on the pleadings and the affidavits and exhibits attached thereto,
 
 *107
 
 Special Term granted prospective relief by way of an injunction against future violations and retrospective relief with regard to sales between September 1, 1970 and the date of the order by directing respondents to afford the buyers in such sales an opportunity to cancel their purchases. The Appellate Division affirmed the grant of prospective injunctive relief but held that there was no authority under subdivision 12 of section 63 to support the grant of retrospective relief.
 

 As to respondents’ appeal, we are satisfied that there should be an affirmance. The record established that respondents by their conduct failed to comply with the statutory requirements as to home solicitation sales. This conclusion is not vitiated by the fact that the proceeding was initiated on the basis of 16 complaints out of what respondents tell us were some 3,600 transactions. Nor is it a defense that there were some cancellations and a few refunds in each of 1973, 1974 and 1975. No admissible proof is tendered that cancellation cards were regularly given to each purchaser as mandated by the statute. While the authority of the Attorney-General is restricted to seeking injunctive relief against
 
 repeated
 
 illegal or fraudulent acts, he is not required to establish a large percentage of violations. (Cf.
 
 Matter of Lefkowitz v E. F. G. Baby Prods. Co.,
 
 40 AD2d 364;
 
 Matter of People v Compact Assoc.,
 
 22 AD2d 129, affd 17 NY2d 758.)
 

 Nor is there any substance to respondents’ contention that the Home Solicitation Sales Act was "in a state of suspension” and thus afforded no predicate for the present proceeding. Their argument is grounded on section 426 (subd 2, par [b]) of the Personal Property Law which provided that the term "home solicitation sale” does not include a transaction "in which the buyer has a right of cancellation pursuant to federal law”. The Federal Trade Commission Act, to which the argument appears to refer, while vesting enforcement authority in the commission, does not purport to create or authorize any private right of cancellation (cf.
 
 Holloway v Bristol-Meyers Corp.,
 
 485 F2d 986;
 
 Alfred Dunhill, Ltd. v Interstate Cigar Co.,
 
 499 F2d 232, 237). Additionally the Federal rule on which respondents would rely states explicitly that it is not intended to pre-empt State regulation (Federal Trade Commission, Trade Regulation Rules, Part 429—Cooling-Off Period for Door-to-Door Sales [promulgated Oct. 18, 1972, eff June 7, 1974], 16 CFR 429.1, n 2; cf. Federal Trade Commission Advisory Opinion, May 20, 1976, 44 USLW 2550).
 

 
 *108
 
 Finally there is no merit to respondents’ other claims. No defense is available under subdivision (b) of section 349 of the General Business Law, inasmuch as this is not a proceeding under article 22-A of that law. The Statute of Limitations set forth in CPLR 215 is no obstacle to the present proceeding
 
 (State of New York v Cortelle Corp.,
 
 38 NY2d 83). In the state of this record respondents were not entitled to an evidentiary hearing and the provision by Special Term for referee’s hearings to determine the rights of individual consumers to cancellation and refund, contrary to respondents’ assertions, were not to provide the basis for the relief granted the Attorney-General.
 

 On the appeal by the Attorney-General the order of the Appellate Division should be modified. In our view the authority to "direct restitution” should be read in the present context to embrace as well authority to order respondents to take affirmative action necessarily preliminary to establishment of the consumers’ rights to restitution—to give notice of that right and thus in practical effect to implement restitution. It would obviously have been inappropriate to order across-the-board restitution inasmuch as many or even most of respondents’ customers may prefer not to cancel their purchases. Special Term required that respondents advise their customers that they had a right to cancel at their election. The conclusion of the Appellate Division, however, that this provision of the order of Special Term was beyond the purview of subdivision 12 of section 63 was erroneous.
 

 An application by the Attorney-General for remedial orders under subdivision 12 of section 63 is addressed to the sound judicial discretion of the court. On the record before us we cannot say either that it was an abuse of discretion as a matter of law for Special Term to have granted the relief which it did, or that, as a matter of law, the Attorney-General was entitled in the circumstances of this case to the order that he sought. A definitive disposition in our court could only be predicated on one or the other of such alternatives. The case should therefore go back to the Appellate Division for its review of the grant of retrospective relief as an exercise of discretion by Special Term.
 

 Accordingly, in sum, the order of the Appellate Division should be modified, with costs to the State, to the extent of remitting the case to the Appellate Division to review the directions contained in the order of Special Term with respect
 
 *109
 
 to transactions since September 1, 1970 and prior to the date of that order, and as so modified, affirmed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
 

 Order modified, with costs to the State, and the matter remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.