■ THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents-Appellants, v AMERICAN MOTOR CLUB, INC., et al., Respondents, and NICHOLAS NEU, Appellant-Respondent.—Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about October 20, 1988, which, *inter alia,* granted a preliminary injunction against respondent Nicholas Neu from engaging in the business of insurance during the pendency of the action and denied petitioner's motion for leave to amend the petition without prejudice to the service of a further amended petition, is unanimously affirmed, without costs.

In 1985 petitioner, Attorney-General, commenced this action against American Motor Club (AMC) and John Senise, one of AMC's officers, for purportedly engaging in an illegal and fraudulent insurance business. Petitioner sought to enjoin these parties and recover monetary damages and restitution. Later, the original petition was amended to join respondent Nicholas Neu, who was intimately involved in AMC's operations, as a party respondent.

In prior appeals involving these parties, this court, *inter alia,* upheld the Supreme Court's determination concerning the addition of Neu as a party respondent and its finding that the prepaid collision service contract sold by AMC constituted an insurance contract as defined by Insurance Law § 1101 (a) (1). Consequently, this court held that the injunctive relief granted as against AMC and Senise was appropriate. *(People v American Motor Club,* 133 AD2d 593 [1st Dept 1987], *lv denied* Jan. 3, 1989 [M-4381]; *People v American Motor Club,* 138 AD2d 988 [1st Dept 1988].)

Subsequently, petitioner similarly sought to enjoin Neu and amend its petition to seek the imposition of sanctions against Neu personally.

Based on this record and prior court rulings in this case, the IAS court appropriately granted the injunctive relief sought against Neu. Also, there is no merit to Neu's contention that petitioner may not seek to hold him personally liable for violating provisions of the Insurance Law *(see, e.g., Clark v Pine Hill Homes,* 112 AD2d 755 [4th Dept 1985]) or seek restitution from him on behalf of consumers *(see, e.g., State of New York v Princess Prestige Co.,* 42 NY2d 104, 108 [1977]).

In light of the absence of prejudice or surprise, the IAS court properly exercised its discretion in permitting petitioner Attorney-General to serve a further amended petition as against Neu. *(See, Kim v Cohen,* 146 AD2d 747 [2d Dept 1989].) We have considered the remaining contentions of the parties and find them to be without merit. Concur—Kupferman, J. P., Ross, Asch, Kassal and Smith, JJ.