■ In the Matter of THE PEOPLE OF THE STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General, Respondent-Appellant, v ANN L. MAYTAG et al., as Trustees of the Turtle Island Trust, Respondents, and PAUL DELARONDE et al., Appellants-Respondents.—Mercure, J. Cross appeals from an order of the Supreme Court (Plumadore, J.), entered October 13, 1989 in Clinton County, which, in a proceeding pursuant to Executive Law § 63 (12), inter alia, denied a motion by respondents Paul Delaronde and Louie Hall to dismiss the proceeding for lack of jurisdiction and limited the scope of the hearing.

Petitioner brought this proceeding pursuant to Executive Law § 63 (12) to permanently enjoin respondents and others from conducting or participating in high stakes bingo games on the Ganienkeh Indian Territory in Clinton County, alleging that these games are not in accord with State laws. The Ganienkeh Territory is owned by the State and leased to the Turtle Island Trust for the benefit of the Indians residing there. Supreme Court authorized an alternative method of service of the petition upon respondents Paul Delaronde and Louie Hall (hereinafter collectively referred to as respondents), permitting petitioner to serve a copy at their last known Post Office addresses and to affix another copy to the fence located at the main entrance to the Turtle Island Trust property. Respondents filed a verified answer and moved to dismiss on the grounds, inter alia, that under the doctrine of sovereign immunity, Supreme Court lacked subject matter jurisdiction.

Supreme Court ruled that *California v Cabazon Band of Mission Indians* (480 US 202) was controlling and that the State would be precluded from asserting its regulatory authority to prohibit the bingo games if the Ganienkeh Territory was found to be "Indian Country" within the meaning of 18 USC § 1151. Supreme Court ordered a hearing on the issue. Respondents appeal the denial of their motion to dismiss for lack of personal jurisdiction and also assert that the court should not proceed in the absence of persons sought to be enjoined who have not been served with process. Petitioner cross-appeals, challenging the limited scope of the judicial hearing.

Initially, so much of the order as directs a judicial hearing to aid in the disposition of respondents' motion to dismiss does not affect a substantial right *(see,* CPLR 5701 [a] [2] [v]) and, thus, is nonappealable as of right *(see, State of New York v Berchier,* 124 AD2d 333, 334; *Bagdy v Progresso Foods Corp.,* 86 AD2d 589). Moreover, although focusing on the issue of whether the subject parcel was "Indian Country", Supreme Court did not restrict petitioner from raising "relevant" legal arguments at the hearing, including those relating to the Indian Gaming Regulatory Act of 1988 (25 USC § 2701 *et seq.).* These issues, including the question of preemption of State regulation *(see, State of New York v Princess Prestige Co.,* 42 NY2d 104, 107; S Rep No. 100-466, 100th Cong, 2d Sess, Aug. 3, 1988, at 6; *see also, People v Anderson,* 137 AD2d 259, 267-268; *People v Snyder,* 141 Misc 2d 444, 448-450) should be addressed by the parties and taken up by Supreme Court in the first instance. Accordingly, we agree with respondents that petitioner's appeal should be dismissed.

We also reject respondents' arguments relating to personal jurisdiction and the failure to join necessary parties. In these circumstances, Supreme Court was fully justified in authorizing an alternative method of service, and the designated method did comport with the requirements of due process. Finally, Supreme Court properly denied respondents' motion to dismiss pursuant to CPLR 3211 (a) (10) for failure to join necessary parties.

Petitioner's cross appeal dismissed, without costs.

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.