◼ CHRISTOPHER TIMMONS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 82209.) [684 NYS2d 104] —Judgment unanimously affirmed without costs. Memorandum: Claimant commenced this action to recover damages for injuries he sustained while an inmate at Auburn Correctional Facility. Claimant alleged that prison officials were negligent in failing to place him in protective custody to prevent an unidentified inmate from setting him on fire in his cell. On appeal from a judgment dismissing his claim after a trial on the issue of liability, claimant contends that the verdict of the Court of Claims is against the weight of the evidence.

On appeal from a judgment rendered after a nonjury trial, the Appellate Division "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 499; *see, Walsh v State of New York*, 232 AD2d 939, 940; *Lewis v State of New York*, 223 AD2d 800, 801). Here, we deem it appropriate to defer to the trial court, given its opportunity to observe the demeanor of the witnesses and make an appropriate determination of their credibility. Moreover, we find that the judgment of the court is fully warranted by the evidence presented. The verdict is supported by uncontroverted proof that the gate to Company 3 was locked when correction officers arrived on the scene. The locked gate eliminated any means of entry to or exit from the gallery, thus tending to disprove the existence of an unidentified arsonist and undermining the claim that defendant was negligent in

failing to protect claimant. Moreover, there were burnt matches in claimant's sink, and no trail of flame or accelerant on the floor of the cell, as one would expect there to be if accelerant had been sprayed into the cell from outside. The burning coffee can in claimant's cell also supports the court's findings. Finally, there was evidence of claimant's possible motive for setting the fire. (Appeal from Judgment of Court of Claims, McNamara, J.—Negligence.) Present—Denman, P. J., Green, Hayes, Balio and Boehm, JJ.