■ THE PEOPLE OF THE STATE OF NEW YORK, by DENNIS C. VACCO, as Attorney General of the State of New York,

Respondent-Appellant, v BEACH BOYS EQUIPMENT CO., INC., Appellant-Respondent. [709 NYS2d 729] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly granted the petition alleging that respondent violated General Business Law § 396-r by charging unconscionably excessive prices for 5,000 watt Devilbiss electric generators in the Watertown area following the January 1998 ice storm. It is undisputed that respondent charged $1,200 for the generators, while other retailers in the trade area charged less than one half of that price. We reject the contention of respondent that petitioner failed to establish a prima facie case of price gouging pursuant to General Business Law § 396-r (former [3]). Contrary to respondent's contention, petitioner established, "at least presumptively" (*People v Two Wheel Corp.*, 71 NY2d 693, 699, *rearg denied* 72 NY2d 910), that "the amount charged by [respondent] was not attributable to additional costs imposed by its suppliers" (General Business Law § 396-r [former (3) (c)]). In response, respondent failed to raise a triable issue of fact (*see, People v Two Wheel Corp., supra*, at 700). Respondent did not explain why it paid its supplier $1,000 for a 5,000 watt Devilbiss generator that retails for $550, nor did it respond to proof that the supplier purchased the generators for $480. Respondent also failed to rebut proof establishing that its purchase of the generators was not an arm's length transaction.

Respondent contends that its prices were attributable to additional expenses related to truck rental, payroll, gas cans, plugs, cord and telephone calls. Even assuming that those expenses were extraordinary and may have warranted an increase in price (*see, People v Two Wheel Corp., supra*, at 700), we conclude that petitioner did not thereby establish that a price increase of 100% was warranted. Indeed, even a small increase in price may be unconscionably excessive under General Business Law § 396-r if "the excess was obtained through unconscionable means" (*People v Two Wheel Corp., supra*, at 699), which was the case here.

We agree with respondent, however, that the court erred in awarding restitution to the purchasers of the 7,000 watt Devilbiss generator because that type of generator was not the subject of the verified petition. Although the court may order restitution to all injured consumers, including those not identified by name in the petition, it may not order restitution to purchasers of generators that are not the subject of this

proceeding. The allegation that respondent charged an unconscionably excessive price for a 7,000 watt Devilbiss generator "is not within the scope of this proceeding as defined by the petition" (*Matter of Dye v New York City Tr. Auth.*, 57 NY2d 917, 920).

With respect to the cross appeal, we agree with petitioner that the court erred in making payment of a civil penalty contingent upon the nonpayment of restitution. General Business Law § 396-r (4) provides that "the court shall impose a civil penalty in an amount not to exceed ten thousand dollars and, where appropriate, order restitution to aggrieved consumers."

We therefore modify the order by directing respondent to pay restitution to the purchasers of the 5,000 watt Devilbiss generator only and by vacating the third ordering paragraph making the payment of the civil penalty contingent upon the nonpayment of restitution. We remit the matter to Supreme Court for the imposition of the mandatory civil penalty pursuant to General Business Law § 396-r (4). (Appeals from Order of Supreme Court, Jefferson County, Gilbert, J.—General Business Law.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.