■ In the Matter of CAMP SCATICO, Appellant, v COLUMBIA COUNTY DEPARTMENT OF HEALTH, Respondent. [715 NYS2d 773] —Spain, J. Appeal from an order of the Supreme Court (Cobb, J.), entered November 30, 1999 in Columbia County, which denied petitioner's motion for a preliminary injunction.

Following the July 1998 accidental drowning of a child who was attending a summer camp operated by petitioner in the Town of Livingston, Columbia County, respondent notified petitioner that a formal hearing would be conducted "in conjunction with" the drowning. At the September 1998 hearing, respondent concluded that petitioner's failure to implement its written safety plan violated the State Sanitary Code (*see*, 10 NYCRR 7-2.5 [m]) and petitioner was fined $250, the maximum permissible fine (*see*, 10 NYCRR 1.21). Dissatisfied with the results of the hearing, the child's father complained to respondent and the State Health Department about the limited scope of respondent's investigation and its failure to consider other possible violations of the Sanitary Code. Thereafter, in April 1999, respondent notified petitioner that a new hearing would be held to consider additional violations of specified provisions of the Sanitary Code. In the meantime, in October 1998, the father of the child commenced a wrongful death action against petitioner to recover damages for his son's death.

In August 1999, prior to the scheduled administrative hearing on the additional alleged violations of the Sanitary Code, petitioner moved by order to show cause to bar respondent from conducting the hearing or, in the alternative, to stay respondent from conducting the hearing pending final resolution of the wrongful death action. Concluding that petitioner was seeking a preliminary injunction, Supreme Court denied the motion on the ground that there was no action pending in which to grant the requested provisional remedy. Petitioner appeals.

Petitioner concedes that it improperly proceeded by way of an order to show cause and attorney's affirmation, but contends that Supreme Court should have exercised its authority to convert the motion into an action or proceeding (*see*, CPLR 103 [c]). According to petitioner, the doctrine of res judicata

precludes respondent from pursuing violations which were or could have been considered in its prior administrative proceeding. However, petitioner will be able to raise this defense in a CPLR article 78 proceeding to review any adverse final determination that results from the pending administrative hearing and, therefore, there is no reason to convert the motion to an action or proceeding (*see, Matter of Rivera v Coughlin*, 188 AD2d 725).\*

In addition, resort to a CPLR article 78 proceeding in the nature of prohibition is precluded as petitioner has an adequate remedy at law in its right to raise the res judicata claim in a CPLR article 78 proceeding after a final administrative determination is made (*see, Matter of Djavaheri v Axelrod*, 119 AD2d 967). Likewise, injunctive relief is inappropriate where, as here, the party seeking that relief has an adequate remedy at law (*see, City of New York v State of New York*, 94 NY2d 577, 599; *Roushia v Harvey*, 260 AD2d 687). Therefore, inasmuch as petitioner's motion papers are insufficient on their face to state a claim for injunctive relief or CPLR article 78 relief, there is no basis to convert the motion to an action or proceeding.

Petitioner contends that awaiting judicial review until there is a final administrative determination is inadequate because it would suffer irreparable harm if that administrative determination were given preclusive effect in the wrongful death action prior to the completion of judicial review of that administrative determination. There is, however, nothing in the record to demonstrate that CPLR article 78 review of the resulting administrative determination cannot be completed before the wrongful death action proceeds to trial. In any event, it is not clear that the administrative determination would be entitled to collateral estoppel in the trial of the wrongful death action (*see, Rice v Massalone*, 160 AD2d 861; *Stevenson v Goomar*, 148 AD2d 217, *lv dismissed* 74 NY2d 945), an issue which could be adequately addressed at the trial itself.

Based upon the foregoing analysis, we conclude that the papers submitted in support of petitioner's motion fail to provide any basis for converting the motion into an action or proceeding and, therefore, the order denying the motion must be affirmed.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

\* Petitioner also asserts on appeal that respondent's bias precludes a fair hearing. However, petitioner failed to raise this claim in its application to Supreme Court. In any event, the bias claim could be raised in a CPLR article 78 proceeding to review a final determination (*see*, CPLR 7803 [3]).