■ THE PEOPLE OF THE STATE OF NEW YORK, by ELIOT SPITZER, as Attorney General of State of New York, Respondent, v RICHARD J. DAME, Individually and Doing Business as PRECISION ROOFING Co., Appellant. (Appeal No. 2.) [735 NYS2d 444] —Appeal unanimously dismissed without costs (see, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Burns, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, by ELIOT SPITZER, as Attorney General of State of New York, Respondent, v RICHARD J. DAME, Individually and Doing Business as PRECISION ROOFING Co., Appellant. (Appeal No. 3.) [734 NYS2d 789] —Order and judgment unanimously affirmed without costs. Memorandum: Petitioner commenced this proceeding alleging that respondent engaged in "deceptive, fraudulent and illegal practices, including price gouging," during the state of emergency that was declared in certain New York counties as the result of a storm in September 1998. Petitioner alleged that respondent charged homeowners, particularly senior citizens, excessive prices for roof repairs and failed to provide the customers with written contracts and information required by law. Following a trial, respondent was ordered to pay restitution, costs and civil penalties totaling $18,785 for violations of General Business Law § 396-r and article 36-A and was enjoined, pursuant to Executive Law § 63 (12), from further engaging in fraudulent, deceptive and illegal business practices.

We reject the contention of respondent that Supreme Court erred in finding that he violated General Business Law § 396-r. That section prohibits charging unconscionably excessive prices for essential services during disruptions in the market caused by forces such as power failures, weather conditions and other emergencies. General Business Law § 396-r (2) provides that, "During any abnormal disruption of the market for consumer goods and services vital and necessary for the health, safety and welfare of consumers, no party within the chain of distribution of such consumer goods or services or both shall sell or offer to sell any such goods or services or both for an amount which represents an unconscionably excessive price." That subdivision further defines "consumer goods and services" as including "any repairs made by any party within the chain of distribution of consumer goods on an emergency basis as a result of such abnormal disruption of the market." Here, it is undisputed that a state of emergency had been declared, and the evidence was unrefuted that at least six of respondent's customers were charged unconscionably excessive prices for

roof repairs made necessary by the storm. Thus, petitioner established a violation of General Business Law § 396-r by presenting unrefuted evidence that "the amount[s] charged [by respondent] grossly exceeded the price at which the same or similar * * * services were readily obtainable by other consumers in the trade area" (General Business Law § 396-r [3] [b] [ii]).

In addition, the court properly found that respondent violated article 36-A of the General Business Law, which applies to roofing repairs (*see,* General Business Law § 770 [3]). Petitioner established that respondent failed to comply with General Business Law § 771, which provides that contracts must be in writing and signed by the parties thereto, and must include specified information. We further conclude that the court properly found that respondent violated Executive Law § 63. The unrefuted evidence presented by petitioner at trial established that respondent committed a number of separate and distinct fraudulent or illegal acts affecting more than one person (*see,* Executive Law § 63 [12]; *see also, Matter of People v Wilco Energy Corp.,* 284 AD2d 469). Thus, the imposition of restitution, costs, and penalties under the applicable statutes was proper, and a further hearing was not required where, as here, respondent had a full opportunity to offer proof at trial and failed to do so (*see, People v Beach Boys Equip. Co.,* 273 AD2d 850, 851; *cf., People v Appel,* 258 AD2d 957).

Finally, we reject respondent's contention that petitioner abandoned this proceeding by failing to prepare and file a judgment within 60 days of receipt of the court's order and judgment. "[T]he 60-day period [under 22 NYCRR 202.48 (a)] applies only where the court explicitly directs that the proposed judgment or order be settled or submitted for signature" (*Funk v Barry,* 89 NY2d 364, 365). (Appeal from Order and Judgment of Supreme Court, Onondaga County, Murphy, J.—General Business Law § 396-r.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Burns, JJ.