■ In the Matter of THE PEOPLE OF THE STATE OF NEW YORK, by ELIOT SPITZER, as Attorney General of the State of New York, Appellant, v FRINK AMERICA, INC., et al., Respondents. [770 NYS2d 225]—

Appeal from an order of Supreme Court, Jefferson County (Gilbert, J.), entered September 6, 2002, which, inter alia, dismissed the petition against respondent David Lowry.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion in its entirety and reinstating the petition

against respondent David Lowry and as modified the order is affirmed without costs.

Memorandum: The Attorney General commenced this proceeding pursuant to Executive Law § 63 (12) against respondents, Frink America, Inc. (Frink) and David Lowry, the chief executive officer, president, and secretary of Frink, alleging that respondents violated Labor Law §§ 191-c and 198 by failing to pay vacation pay, commissions, and expenses still owed to 41 employees after Frink closed its snowplow manufacturing plant. The Attorney General sought to enjoin respondents from continuing to violate Labor Law §§ 191-c and 198, restitution for the amounts owed, counsel fees, and costs. Respondents filed a "cross motion" to "dismiss[ ]" the petition "pursuant to CPLR 3211 and 3212" on the grounds that Frink did not have sufficient funds to pay its obligations and that Lowry did not participate in the determination of the amount of wages, vacation pay, commissions, and expenses to be paid to Frink's employees. Supreme Court determined that, while the Attorney General has the authority to redress violations of the Labor Law by a proceeding pursuant to Executive Law § 63 (12), he "may not use Executive Law § 63 (12) to expand the remedies contained in the Labor Law." Thus, the court determined that the Attorney General cannot seek injunctive relief or seek to impose individual liability on Lowry as a corporate officer because those remedies are not available under the Labor Law. The court therefore dismissed the petition as against Lowry.

We disagree with the court's determination that the remedies afforded by Labor Law article 6 are exclusive and preclude the Attorney General from exercising his authority to seek additional remedies under Executive Law § 63 (12). Section 63 (12) does not create any new causes of action, but does provide the Attorney General with standing "to seek redress and additional remedies for recognized wrongs" based on the violation of other statutes (*State of New York v Cortelle Corp.*, 38 NY2d 83, 85 [1975]). In other words, section 63 (12) "create[s] no new claims but . . . provide[s] particular remedies and standing in a public officer to seek redress on behalf of the State and others" (*id.* at 86). Thus, where a proceeding is commenced pursuant to Executive Law § 63 (12), the Attorney General is entitled to seek the "additional remed[y]" of injunctive relief (*Cortelle Corp.*, 38 NY2d at 85). In *State of New York v Princess Prestige Co.* (42 NY2d 104 [1977]), the Court of Appeals, following the rationale of *Cortelle*, held that the Attorney General could obtain injunctive relief pursuant to Executive Law § 63 (12) even though the underlying statute, the Home Solicitation Sales Act

(now the Door-to-Door Sales Protection Act, codified as Personal Property Law article 10-A), did not provide for such relief. Similarly, the Attorney General may seek restitution pursuant to Executive Law § 63 (12) for a violation of Insurance Law § 2117 even though that underlying statute does not provide for restitution (*see People v American Motor Club*, 179 AD2d 277, 283 [1992]).

We also reject respondents' contention that allowing the Attorney General to seek additional remedies under section 63 (12) in wage disputes undercuts the Legislative intent behind the statutory scheme of Labor Law article 6. The Attorney General is empowered by section 63 (12) to prosecute and seek redress beyond the remedies available to the Commissioner of Labor and individual employees (*see generally* Labor Law §§ 196-199) in cases of repeated or persistent fraud or illegality (*see generally Princess Prestige Co.*, 42 NY2d at 107; *American Motor Club*, 179 AD2d at 283; *State of New York v Winter*, 121 AD2d 287, 288 [1986]).

However, although the Attorney General may seek injunctive relief for a violation of Labor Law article 6 in an appropriate case, we conclude that such relief is inappropriate in the instant case. The Attorney General here seeks payment of money on behalf of former employees of Frink, which is a remedy at law. An injunction is an equitable remedy, and it is well settled that, where adequate relief can be obtained by a money judgment, there is no need for equitable relief; the money judgment suffices (*see Cuppy v Ward*, 187 App Div 625, 628-629 [1919], *affd* 227 NY 603 [1919]; *Ansonia Assoc. v Ansonia Residents' Assn.*, 78 AD2d 211, 214 [1980]; *see also City of New York v State of New York*, 94 NY2d 577, 599 [2000]; *Matter of Camp Scatico v Columbia County Dept. of Health*, 277 AD2d 689, 690 [2000]; *see generally* 67A NY Jur 2d, Injunctions § 23). In addition, injunctive relief is not an appropriate remedy where, as here, the Attorney General seeks relief for past injuries or to restore rights that have already been denied (*see Cuppy*, 187 App Div at 628). The failure of Frink to pay its employees is an accomplished fact for which injunctive relief will not be granted (*see Sivakoff v Sivakoff*, 280 App Div 106, 108 [1952]; *see also* 67A NY Jur 2d, Injunctions § 17).

Finally, because Executive Law § 63 (12) allows the Attorney General to seek relief against "any person," there is no impediment to imposing personal liability against a corporate officer, such as Lowry, if it is established that he personally participated in or had actual knowledge of the fraud or illegality (see *People v Apple Health & Sports Clubs*, 80 NY2d 803, 807 [1992];

*Princess Prestige Co.*, 42 NY2d at 106-108; *People v Court Reporting Inst.*, 245 AD2d 564, 565 [1997]; *People v Concert Connection*, 211 AD2d 310, 320 [1995], *appeal dismissed* 86 NY2d 837 [1995]; *People v American Motor Club*, 157 AD2d 455, 456 [1990]; *Clark v Pine Hill Homes*, 112 AD2d 755 [1985]). Therefore, we modify the order by denying the cross motion in its entirety and reinstating the petition against Lowry. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.