■ Storico Development, LLC, Respondent, v Jose Batlle, Appellant. [780 NYS2d 696]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered October 15, 2003. The judgment determined that plaintiff is entitled to damages for three months' rent totaling $1,906.66, plus costs and disbursements.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages after defendant defaulted on a lease. Defendant appeals from a judgment entered in favor of plaintiff following a nonjury trial. Defendant contends that the lease was not valid because it was never delivered and further contends that the leased premises were not suitable for their intended use as a medical office on the day that the lease term was to commence.

Although delivery is an essential element of a cause of action seeking enforcement of a lease (*see 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 512 [1979]), defendant failed to preserve for our review his challenge to the sufficiency of the evidence of delivery (*see e.g. Smith v M.V. Woods Constr. Co.,* 309 AD2d 1155, 1157 [2003]). In any event, we conclude that the lease was properly delivered inasmuch as it was signed in the presence of both parties (*cf. 219 Broadway Corp.,* 46 NY2d at 512; *Kophen v Cornell,* 260 AD2d 914, 915 [1999], *lv denied* 93 NY2d 811 [1999]). Additionally, defendant paid a security deposit and the first month's rent, thereby manifesting an intent that an interest in property be conveyed (*see Townhouse Co. v Williams,* 307 AD2d 223, 224 [2003]; *see generally 219 Broadway Corp.,* 46 NY2d at 512).

We further conclude that Supreme Court's determination that the premises were suitable for their intended use is not against the weight of the evidence. "While it is well settled that this Court has the authority to independently consider the weight of the evidence on an appeal in a nonjury case, deference is still afforded to the findings of the [court] where, as here, they are based largely on credibility determinations" (*Burton v State of New York,* 283 AD2d 875, 877 [2001]; *see Goncalves v State of New York,* 1 AD3d 914 [2003]; *Timmons v State of New York,* 256 AD2d 1163 [1998]). We see no need to disturb the court's determination to credit the testimony of plaintiff's rep-

resentative, who testified that the required improvements had been made to the premises. Present—Pine, J.P., Scudder, Kehoe, Gorski and Martoche, JJ.