# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1452
CA 11-01179
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

ANTONIO MERCONE, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

MONROE COUNTY DEPUTY SHERIFFS' ASSOCIATION, INC.,
DEFENDANT-RESPONDENT.

---

FRANK A. ALOI, ROCHESTER, FOR PLAINTIFF-APPELLANT.

TREVETT CRISTO SALZER & ANDOLINA, P.C., ROCHESTER (DANIEL P. DEBOLT OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Monroe County (Matthew A. Rosenbaum, J.), entered September 2,
2010. The order and judgment dismissed the complaint after a nonjury
trial.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum: Plaintiff, a former Monroe County Deputy Sheriff,
was discharged from that position by letter dated December 15, 2004.
Pursuant to paragraph 35.3.1 of the applicable collective bargaining
agreement (CBA) between Monroe County (County), the County Sheriff and
defendant, the union representing plaintiff, the parties had 10
business days from the date of plaintiff's discharge to file a
grievance and demand arbitration thereof. Plaintiff testified at
trial that defendant's outgoing president assured him that a grievance
had been timely filed on his behalf. When a new president assumed the
duties of office in February 2005, however, he discovered that no
grievance had been filed. The new president and other union officers
attempted to file a grievance with the County or demand arbitration on
several occasions, but they were unsuccessful. Defendant subsequently
filed a demand for arbitration with respect to plaintiff's discharge
with the Public Employment Relations Board, and Supreme Court (Frazee,
J.) granted the petition of the County and the County Sheriff seeking
to stay arbitration. Plaintiff commenced this action on or about
August 9, 2005 seeking to recover damages for defendant's breach of
the duty of fair representation. Plaintiff appeals from an order and
judgment dismissing the complaint.

We reject the contention of plaintiff that Supreme Court
(Rosenbaum, J.) erred in determining that the action was time-barred.
An action against a union for breach of its duty of fair

representation "shall be commenced within four months of the date the . . . former employee knew or should have known that the breach has occurred, or within four months of the date the . . . former employee suffers actual harm, whichever is later" (CPLR 217 [2] [a]). Here, "the harm complained of . . . occurred when defendant allegedly breached its duty of fair representation by refusing to file the grievance" within the time limits imposed by the CBA (*Leblanc v Security Servs. Unit Empls. of N.Y. State Law Enforcement Officers Union, Council 82, AFSCME, AFL-CIO*, 278 AD2d 732, 733). Thus, plaintiff suffered actual harm when defendant failed to file the grievance on or before December 30, 2004, which is 10 business days after he was discharged.

We reject plaintiff's further contention that the court erred in determining that he knew, or had reason to know, of defendant's failure to file a grievance more than four months prior to the commencement of the action. Plaintiff testified at trial that he did not learn of defendant's failure to file a grievance until a later date, but the court did not credit that testimony. It is well settled that, although this Court's authority in reviewing a nonjury trial is the same as that of the trial court, "[w]here the findings of fact 'rest in large measure on considerations relating to the credibility of witnesses' . . ., deference is owed to the trial court's credibility determinations" (*Sterling Inv. Servs., Inc. v 1155 NOBO Assoc., LLC*, 65 AD3d 1128, 1129, *lv denied* 13 NY3d 714; *see Storico Dev., LLC v Batlle*, 9 AD3d 908, 909; *Ring v State of New York*, 8 AD3d 1057, *lv denied* 3 NY3d 608). Here, there is ample support in the record for the court's credibility determinations, and we see no basis upon which to disturb them.

Contrary to plaintiff's contention, the statute of limitations was not tolled by the continuous representation doctrine. That doctrine, "although originally derived from the continuous treatment concept in medical malpractice cases, has also been held applicable to professionals other than physicians" (*Zaref v Berk & Michaels*, 192 AD2d 346, 347). For statute of limitations purposes, the Court of Appeals has defined professionals as those whose employment qualifications "include extensive formal learning and training, licensure and regulation indicating a qualification to practice, a code of conduct imposing standards beyond those accepted in the marketplace and a system of discipline for violation of those standards . . . Additionally, a professional relationship is one of trust and confidence, carrying with it a duty to counsel and advise clients" (*Chase Scientific Research v NIA Group*, 96 NY2d 20, 29). Even assuming, arguendo, that the relationship between plaintiff and defendant is one of trust and confidence with a duty to counsel and advise, we conclude that the record fails to establish that defendant's representatives held any of the other employment qualifications, and thus we decline to expand the continuous representation doctrine to include union representatives (*see generally Pike v New York Life Ins. Co.*, 72 AD3d 1043, 1048; *Eastman Kodak Co. v Prometheus Funding Corp.*, 283 AD2d 216). We have considered plaintiff's further contentions with respect to the statute of limitations and conclude that they are without merit.

Plaintiff's remaining contentions are academic in light of our determination.

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court