# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1146**

**CA 13-01886**

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, BY
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL OF STATE
OF NEW YORK, PETITIONER-RESPONDENT-APPELLANT,

                     V                               MEMORANDUM AND ORDER

ONE SOURCE NETWORKING, INC., AND SARA ANN FAGAN,
RESPONDENTS-APPELLANTS-RESPONDENTS.

---

WOODS OVIATT GILMAN, LLP, ROCHESTER (ANDREW J. RYAN OF COUNSEL), FOR
RESPONDENTS-APPELLANTS-RESPONDENTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR PETITIONER-RESPONDENT-APPELLANT.

---

     Appeal and cross appeal from an order and judgment (one paper) of
the Supreme Court, Oneida County (David A. Murad, J.), entered January
15, 2013. The order and judgment, among other things, granted the
petition in part.

     It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

     Memorandum: Respondent One Source Networking, Inc. (One Source)
is an automobile loan brokerage firm, which was started by respondent
Sara Ann Fagan. When a consumer needed an automobile loan, automobile
dealers with whom One Source worked sent the consumer's credit
application to One Source. One Source sent the consumer's loan
application to a bank and, once the bank approved the loan, One Source
contacted the consumer to discuss the terms of the loan. Although a
warranty was not a precondition to obtaining a loan, One Source
employees allegedly told consumers either that they were required to
purchase a warranty in order to obtain their loans, and/or that a
warranty was included with their loans and that they would be charged
therefor. It was not until the closing of a loan that a consumer was
allegedly informed that he or she could waive the "extended service
contract[]," i.e., the warranty. In April 2011, the Attorney General,
on behalf of petitioner, brought a special proceeding against
respondents to enjoin them from engaging in deceptive business
practices related to their sale of warranties to consumers.

     After a bench trial, by order and judgment entered January 15,
2013, Supreme Court found, inter alia, that respondents "violated
General Business Law § 349 and Executive Law § 63 (12) by engaging in

a deceptive scheme designed to cause consumers to purchase unnecessary extended warranties on the vehicle[s] being purchased."  In addition, the court permanently enjoined respondents "from engaging in the deceptive acts and practices," and granted restitution to six identified consumers.  The court then appointed a referee to hold a hearing to "determine how much of the charge for the warranties should be ascribed to [r]espondents' deceptive scheme."  We affirm.

Respondents contend that the court erred in finding that they violated Executive Law § 63 (12) inasmuch as that provision does not create an independent cause of action.  Respondents are correct that section 63 (12) does not create an independent cause of action (*see Matter of People v Frink Am.*, 2 AD3d 1379, 1380; *see also People v Charles Schwab & Co., Inc.*, 109 AD3d 445, 449).  Rather, that section is only a mechanism by which a petitioner may show that injunctive relief and restitution are proper in the event that the petitioner establishes that a respondent violated other statutes (*see Frink Am.*, 2 AD3d at 1380).  We nevertheless reject respondents' contention. There was no finding by the court that section 63 (12) alone provides for an independent cause of action, i.e., without resort to another statute.  Instead, the court properly determined that the Attorney General, on behalf of petitioner, could avail himself of the remedies set forth in section 63 (12) in light of the allegations that respondents violated General Business Law § 349 (*see State of New York v Wolowitz*, 96 AD2d 47, 63; *see also Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 343-348; *see generally Matter of Lefkowitz v Bull Inv. Group*, 46 AD2d 25, 28, *lv denied* 35 NY2d 647).

We conclude that the court's determination that respondents violated General Business Law § 349 is supported by a fair interpretation of the evidence (*see generally Mercone v Monroe County Deputy Sheriffs' Assn., Inc.*, 90 AD3d 1698, 1699; *Fryling v Omer Constr. Co.*, 286 AD2d 983, 983).  Pursuant to section 349, deceptive business acts or practices are unlawful, and a " '[petitioner] under section 349 must prove three elements:  first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the [consumer] suffered injury as a result of the deceptive act' " (*Electrical Waste Recycling Group, Ltd. v Andela Tool & Mach., Inc.*, 107 AD3d 1627, 1629, *lv dismissed* 22 NY3d 1111).  With respect to the second element, an act or practice that is deceptive or misleading in a material way is defined as a representation or omission "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Gaidon*, 94 NY2d at 344 [internal quotation marks omitted]; *see Matter of People v Applied Card Sys., Inc.*, 27 AD3d 104, 107, *lv dismissed* 7 NY3d 741; *see generally Guggenheimer v Ginzburg*, 43 NY2d 268, 273).  Contrary to respondents' contention, we conclude that petitioner established that second element, i.e., that One Source's actions were likely to mislead a reasonable consumer.  One Source's actions were misleading in a material way in light of the fact that the consumers at issue were dependent on One Source to find them the financing to purchase their vehicles, and they were willing to pay for a warranty in order to obtain their loans.

Respondents further contend that One Source did not violate General Business Law § 349 because the testifying consumers signed documents indicating that they did not have to purchase a warranty in order to obtain their loans. We reject that contention and agree with the court that the documents and disclosures presented to the consumers at their respective closings were "inadequate to dispel the deceptiveness of the sales practice." The cases relied on by respondents stand for the general proposition that a party claiming that he or she did not read certain documents, without any valid excuse for failing to read them, is still bound by the terms of those documents (see e.g. Patterson v Somerset Invs. Corp., 96 AD3d 817, 817). That proposition is inapplicable to the case at bar because One Source employees used the word "warranty" with consumers when they discussed the loans over the telephone, and that was the only information that the consumers obtained about the warranties until they signed the paperwork at their closings. Notably, none of the consumers who testified were given any paperwork to review prior to their closings. The cases relied upon by respondents do not involve situations where, as here, consumers were told one thing verbally over the telephone, i.e., that they were required to purchase a warranty in order to obtain their loans, and/or that a warranty would be included with their loans and that they would be charged therefor, and something else in writing at the closing using different terminology, i.e., that the "extended service contract[]" could be waived. In any event, we conclude that respondents cannot refute the Attorney General's allegations of deceptive business practices by relying on their closing documents inasmuch as the cause of action is based on One Source's practice of telling consumers verbally that a warranty was essentially a precondition to obtaining a loan when in fact that was not the case (see DeAngelis v Timberpeg E., Inc., 51 AD3d 1175, 1178).

We reject respondents' further contention that there was no proof to support the judgment against Fagan individually because there was no evidence that Fagan personally participated in the fraudulent practice. "Because Executive Law § 63 (12) allows the Attorney General to seek relief against 'any person,' there is no impediment to imposing personal liability against a corporate officer if it is established that he [or she] personally participated in or had actual knowledge of the fraud or illegality" (Frink Am., 2 AD3d at 1381). Taking into account the court's superior ability to assess the credibility of witnesses, the court's determination that Fagan had actual knowledge of and participated in the warranty-selling practice is supported by a fair interpretation of the evidence, and there is no basis for this Court to disturb that finding (see Mercone, 90 AD3d at 1699; Fryling, 286 AD2d at 983).

On the cross appeal, the Attorney General contends on behalf of petitioner that the court erred in determining that only the six testifying consumers were entitled to restitution. He notes that the petition was "on behalf of all [consumers] aggrieved by One Source's fraudulent marketing of warranties" and further asserts that his use of a representative sample of consumers was appropriate. We reject those contentions. The court did not determine that the Attorney

General did not have the authority to seek damages for a larger class of victims but, rather, that he failed to meet his burden of establishing the total number of victims and their possible range of damages.  The court noted that the Attorney General had received "five banker boxes of files" from respondents in the fall of 2009 and "had 18 months" to review the files prior to trial, but offered no further proof with respect to victims beyond the six victims who testified.

It is well settled that a court "may order restitution to all injured consumers, including those not identified by name in the petition" (*People v Beach Boys Equip. Co.*, 273 AD2d 850, 851), and the decision to award restitution lies within the court's discretion (*see State of New York v Princess Prestige Co.*, 42 NY2d 104, 108).  We conclude that the court's determination here does not constitute an abuse of discretion (*see e.g. Matter of State of New York v Ford Motor Co.*, 136 AD2d 154, 158, *affd* 74 NY2d 495).

Entered:  February 6, 2015                        Frances E. Cafarell
                                                  Clerk of the Court