■ THE PEOPLE OF THE STATE OF NEW YORK, by ERIC T. SCHNEIDERMAN, Attorney General of the State of New York, Respondent, v COALITION AGAINST BREAST CANCER, INC., et al., Defendants, and CAMPAIGN CENTER, INC., et al., Appellants. [22 NYS3d 562]—

In an action, inter alia, pursuant to Executive Law §§ 63 and 175 and General Business Law § 349 to permanently enjoin the defendants from soliciting or collecting charitable contributions from the public, the defendants Campaign Center, Inc., and Garrett Morgan appeal from a judgment of the Supreme Court, Suffolk County (Pines, J.), dated July 3, 2013, which, upon an order of the same court dated May 2, 2013, granting the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against them, and a decision of the same court dated June 11, 2013, made after an inquest, is in favor of the plaintiff and against them.

Ordered that the judgment is affirmed, with costs.

The Attorney General of the State of New York commenced this action, on behalf of the People of the State of New York, against Coalition Against Breast Cancer, Inc. (hereinafter CABC), CABC's officers and directors Andrew Smith, Debra Koppelman, and Patricia Scott, professional fundraiser Campaign Center, Inc. (hereinafter Campaign Center), and Campaign Center's founder and president, Garrett Morgan. The Attorney General alleged, inter alia, that CABC was a sham charity that had diverted nearly all of the millions of dollars it had raised in the name of combating breast cancer to its officers, directors, and fundraisers. The Supreme Court granted the Attorney General's motion for summary judgment on the issue of liability against the defendants Campaign Center and Morgan (hereinafter together the Campaign Center defendants), and held a trial to determine the amount of restitution owed by the Campaign Center defendants, and the Attorney General's costs. After the trial, the court issued a judgment which, inter alia, permanently enjoined the Campaign Center defendants from engaging in any further false and deceptive business practices, and from engaging in any further chari-

table solicitations for profit within the State of New York. It further directed them to pay restitution in the sum of $3,094,246, and the Attorney General's costs in the sum of $12,345. Finally, the judgment directed that all of the Campaign Center defendants' payment obligations under the judgment were joint and several, dissolved the Campaign Center and canceled its registration with the Attorney General, and provided that the Attorney General could refuse to accept any registration statement filed by any successor to the Campaign Center, or by any entity owned or controlled by Morgan. The Campaign Center defendants appeal from the judgment.

On his motion for summary judgment on the issue of liability, the Attorney General established, prima facie, that the Campaign Center defendants' solicitation of charitable funds on behalf of CABC was fraudulent and deceptive. The material used by the Campaign Center defendants to solicit donations asserted, inter alia, that CABC helped women survive breast cancer through early detection, education, and research, and helped provide free mammographies to women who lacked adequate insurance. However, the evidence submitted by the Attorney General in support of his motion established that, from 2005 to 2011, CABC was not directly involved in any education or research, and that it was so minimally involved in any research, early detection efforts, or in helping to provide mammography for women in need so as to render any claim in that regard fraudulent and deceptive. In opposition to the motion, the Campaign Center defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the Attorney General's motion for summary judgment on the issue of liability (see Executive Law §§ 63 [12]; 172-d [2]; 175 [2]; General Business Law § 349).

The Campaign Center defendants' contention that the Supreme Court improperly pierced the corporate veil to hold Morgan personally liable is without merit since "[o]fficers and directors of a corporation may be held liable for fraud if they participate in it or have actual knowledge of it" (*People v Apple Health & Sports Clubs*, 80 NY2d 803, 807 [1992]).

The Campaign Center defendants' contention that the judgment violates Campaign Center's First Amendment rights is without merit because, consistent with United States Supreme Court precedent and the First Amendment, "[s]tates may maintain fraud actions when fundraisers make false or misleading representations designed to deceive donors about how their donations will be used" (*Illinois ex rel. Madigan v Telemarketing Associates, Inc.*, 538 US 600, 624 [2003]).

The Campaign Center defendants' specific challenge to the constitutionality of Executive Law § 172-d (2) is unpreserved for appellate review.

The decision to award restitution lies within the Supreme Court's discretion (*see Matter of State of New York v Ford Motor Co.*, 74 NY2d 495, 502 [1989]; *State of New York v Princess Prestige Co.*, 42 NY2d 104, 108 [1977]; *People v One Source Networking, Inc.*, 125 AD3d 1354 [2015]). Under the circumstances presented, we find that the court providently exercised its discretion in directing the Campaign Center defendants to pay restitution in the sum of $3,094,246.

The Campaign Center defendants' remaining contentions are without merit. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.