■ In the Matter of THE PEOPLE OF THE STATE OF NEW YORK, by ERIC T. SCHNEIDERMAN, Attorney General of the State of New York, Respondent, v SENIOR CITIZENS ASSISTANCE GROUP, INC., Also Known as SENIOR CITIZENS MEALS ON WHEELS ASSISTANCE GROUP, Inc., et al., Defendants, and GARRETT MORGAN, Appellant. [22 NYS3d 561]—

In a proceeding, inter alia, pursuant to Executive Law §§ 63 and 175 and General Business Law § 349 to permanently enjoin the defendants from soliciting or collecting charitable contributions from the public, the defendant Garrett Morgan appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Pines, J.), dated August 27, 2013, as, upon an order of the same court dated August 20, 2013, granting the plaintiff's motion to permanently enjoin him from operating, owning, or managing any business in New York State involving any solicitation of charitable funds from the public, is in favor of the plaintiff and against him, permanently enjoining him from operating, owning, or manag-

ing any business in New York State involving any solicitation of charitable funds from the public.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In 1995, the Attorney General of the State of New York commenced this proceeding to permanently enjoin Garrett Morgan, among others, from soliciting or collecting charitable funds from the public in the State of New York. In 1998, the parties entered into a consent order and judgment which provided, among other things, that the respondents in this proceeding, including Morgan, would comply with all provisions of Executive Law article 7-A when soliciting or collecting charitable funds from the public. The consent order and judgment provided that the Supreme Court retained jurisdiction over this matter for the purpose of enforcing the consent order and judgment, and that, if the respondents in this proceeding failed to comply with its terms, the Attorney General could move for an order permanently enjoining them from operating, owning, or managing any business in New York State involving any solicitation of charitable funds from the public.

In 2013, the Attorney General commenced an action entitled *People v Coalition Against Breast Cancer, Inc.*, in the Supreme Court, Suffolk County, under index No. 20432/11 (hereinafter the CABC action). Morgan, among others, was named as a defendant in the CABC action. The Attorney General alleged that the defendants in the CABC action, inter alia, violated the provisions of Executive Law article 7-A while soliciting charitable funds from the public in New York State. The Attorney General moved for summary judgment on the issue of liability in the CABC action. The Supreme Court granted the motion (*see People v Coalition Against Breast Cancer, Inc.*, 40 Misc 3d 1228[A], 2013 NY Slip Op 51335[U] [Sup Ct, Suffolk County 2013]), and subsequently entered a judgment on the order. Morgan appealed from that judgment, and in a related appeal, this Court is affirming (*see People v Coalition Against Breast Cancer, Inc.*, 134 AD3d 1081 [2015] [decided herewith]). The determination in the CABC action established that Morgan violated the consent order and judgment entered in this proceeding by failing to comply with the provisions of Executive Law article 7-A while soliciting charitable funds from the public in New York State.

Morgan's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the Attorney General's motion to permanently enjoin Morgan from operating, owning, or managing any business in New York

State involving any solicitation of charitable funds from the public. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.