Matter of People v Leasing Expenses Co. LLC (2021 NY Slip Op 06444)





Matter of People v Leasing Expenses Co. LLC


2021 NY Slip Op 06444


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, JJ. 


Index No. 452357/20 Appeal No. 14642-14642A-14642B Case No. 2021-01114 

[*1]In the Matter of the People of the State of New York, by Letitia James, Attorney General of the State of New York, Petitioner-Respondent,
v
Leasing Expenses Company LLC et al. Respondents-Appellants, John does 1-10, Respondents.


Proskauer Rose LLP, New York (David A. Picon of counsel), for Leasing Expenses Company LLC and Ariel Schacter, appellants.
Cahill Gordon & Reindel LLP, New York (Thomas J. Kavaler of counsel), for NLS Equipment Finance LLC, Sara Krieger, Sara Yael Elias Cohen, Daniela Rachel Cohen, Miriam Abrams, Amy Friedman and Andrew Mezei, appellants.
Regosin, Edwards, Stone & Feder, New York (Saul E. Feder of counsel), for Leonard Mezei and Fieldston Capital LLC, appellants.
Dechert LLP, New York (Neil A. Steiner of counsel), for Ari Jay Cohen, appellant.
Parness Law Firm, PLLC, New York (Hillel I. Parness of counsel), for JS Ventures Holdings LLC, appellant.
Letitia James, Attorney General, New York (Blair J. Greenwald of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Arthur F. Engoron, J.), entered March 16, 2021, which, following an order, same court and Justice, entered February 26, 2021, granting the petition seeking relief under Executive Law § 63(12), inter alia, permanently enjoined respondents from engaging in the business of equipment finance leases (EFLs), rescinded all EFLs acquired or serviced by respondents, to the extent not rescinded in a prior proceeding, and directed accountings, restitution, and disgorgement, unanimously affirmed, with costs. Appeals from order to show cause with temporary restraining order, same court and Justice, entered December 18, 2020, unanimously dismissed, without costs, as abandoned, moot, and subsumed in the appeal from the judgment.
The record supports Supreme Court's finding that respondents violated Executive Law § 63(12) by continuing the massive fraudulent scheme enjoined in the prior proceeding in People v Northern Leasing Sys., Inc. (Northern Leasing) (70 Misc 3d 256 [Sup Ct, NY County 2020], affd 193 AD3d 67 [1st Dept 2021]). The lease provisions employed by respondents are materially identical to the Northern Leasing leases, with no-cancellation, automatic renewal, and personal guaranty provisions, as well as forum selection clauses with waivers of personal service. The present lease scheme uses independent sale organizations (ISOs) to present leases to lessees. Lessees have complained that the ISOs use the same fraudulent practices used by Northern Leasing, including false claims of savings, hiding the fact that the lease cannot be cancelled, and omitting pages of the lease agreement until after signature. Other lessees complained that their signatures were forged and that leased equipment did not work. Finally, like Northern Leasing, respondents herein refused to cancel leases and continued to demand payments, even in the face of complaints about fraud. Respondents also fraudulently and unlawfully enforced leases rescinded by the Northern Leasing order.
Respondents Schachter and Krieger were both Northern Leasing executives and were aware of the June 2020 Northern Leasing order. They resigned from Northern Leasing after June 2020, to run respondents Lease Expenses Company LLC (LEC) and NLS Equipment Finance, LLC (NLS-EF). They were both aware of the successor fraudulent scheme and acted to perpetuate it. Hence, they are properly held personally liable for the fraud (see Polonetsky v Better Homes Depot, 97 NY2d 46, 55 [2001]; People v Apple Health & Sports Clubs, 80 NY2d 803, 807 [1992]).
Respondents Cohen and Mezei were the founders of Northern Leasing and set up NLS-EF and LEC through their family trusts during the pendency of the prior proceeding. The record also indicates that Cohen and Mezei used similar family trust mechanisms to hold their interests in Northern Leasing. Additionally, Cohen was a named respondent in Northern Leasing. Hence, Cohen and Mezei may be held liable for the [*2]NLS-EF and LEC fraudulent activities, as corporate founders with knowledge of the fraudulent scheme.
The record indicates that respondents Cohen and Mezei Trusts were established for the purpose of owning the Northern Leasing successor entities and effecting the continuing fraudulent scheme. It may likewise be inferred that the trustees had knowledge of the activities of the businesses they controlled through the trust mechanism. Hence, under Executive Law § 63(12), the family trusts and trustees may likewise be held liable for the fraud (see People v One Source Networking, Inc., 125 AD3d 1354, 1357-1358 [4th Dept 2015]).
The record indicates that Mezei and Cohen control respondents Fieldston Capital LLC and JS Ventures Holdings LLC and use them as recipients for the proceeds of fraud. Since Mezei and Cohen are clearly proper subjects of the permanent injunction, the vehicles they use to receive the fraudulent funds are also proper subjects of the full injunction.
The record shows that NLS-EF and LEC were set up to continue the fraudulent Northern Leasing EFL scheme, and in direct contravention of the Northern Leasing injunctive order. The companies overlapped with Northern Leasing in officers, ownership, office space, and phone numbers. They were treated as profit centers, with funds siphoned off to Fieldston and JS, entities controlled by Cohen and Mezei, founders of Northern Leasing and prime orchestrators of the LEC/NLS-EF continuation. Accordingly, the record eminently supported application of alter ego liability to LEC and NLS-EF (see Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407 [1st Dept 2014]; Fantazia Intl. Corp. v CPL Furs N.Y., Inc., 67 AD3d 511, 512 [1st Dept 2009]). The record further supports imposition of alter ego liability on Cohen, Mezei, Schachter, and the family trusts and trustees, all of whom, as noted, had knowledge of, participated in, and facilitated the fraudulent EFL scheme.
The petition and summary determination were supported by sufficient and competent evidence. Lessees provided nonhearsay affidavits of their own personal experiences with respondents (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508 [2015]). Other matters in the affidavits which might be considered hearsay, such as respondents' responses to the affiants' complaints, would largely be admissible under hearsay exceptions such as notice (see Dawson v Raimon Realty Corp., 303 AD2d 708, 709 [2d Dept 2003]). Moreover, the lessee affidavits were only a fraction of a mountain of evidence, which established that respondents were carrying forward the Northern Leasing EFL fraud scheme using new entities. This included evidence of other complaints submitted to other agencies, including other state attorneys general and the FTC. The evidence showed that respondents were using the same lease forms and the same modus operandi to continue to perpetuate an enjoined scheme.
The judgment's injunctive provisions are not overbroad[*3].
We have considered respondents' remaining arguments, and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021